HUDSON AND ALS.

*v.*

BURWELL'S ADM'R, &c.

(*Special Court of Appeals of Virginia, September, 1889.*)

[Virginia Law Journal, 1879, p. 572.]

**Sheriff and Deputy—Money Received by Deputy in Administration of Assets—Liability of Sheriff for—Case at Bar.**

. P., the principal deputy of B., as sheriff of M. county, received from R. former administrator of H., a sum of money to hold as indemnity for the sureties of said R. Subsequently, R. was removed, and the estate of H. was committed to the hands of said B. as sheriff—P. still being his principal deputy. This sum was treated in a settlement of the estate as assets of the estate in the hands of P., deputy for B., adm'r: *held*: B. and his sureties are responsible for such sum and interest to the distributees of H.

**Same—Same—Same.**

A sheriff is responsible for assets of an estate committed to his hands, which come to the hands of his deputy after the expiration of the sheriff's term of office, unless he took steps to remove the deputy.

From the circuit court of Mecklenburg county.

(The facts are only partially stated in the opinion and head-notes, but it is hoped sufficiently for a proper understanding of the points determined. Inability to find a copy of the record prevents a fuller statement.)—ED.

*Bouldin & Marshall*, for the appellants.

*Joynes*, for the appellees.

McLAUGHLIN, J., delivered the opinion of the court.

Two questions are presented in this record. First, did assets come to the hands of Peyton R. Burwell, the sheriff and administrator, and, secondly, is the sheriff accountable therefor upon his official bond, they having been received, if at all, after the expiration of his term of office as sheriff.

It appears that R. A. Puryear, the deputy of P. R. Burwell, the high sheriff of Mecklenburg county, received of Abram. Ramey, the former administrator of Mary W. Hudson, the sum of $315, which he was to hold as an indemnity for Ramey's sureties. Subsequently, Ramey was removed, and the estate committed to P. R. Burwell, the sheriff of Mecklenburg county, Puryear being his principal deputy. In the original suit of the appellants against Burwell and Puryear, an account was taken by Commissioner Atkins of the assets of Burwell as administrator, and Puryear, his deputy, who ascertained the amount, charging the $315 on the 1st day of August, 1866, with interest, to be $541.62. No exceptions were taken to this report, and it was approved and a decree rendered on the 10th day of April, 1867, and P. R. Burwell, sheriff and administrator, was required to pay to the several parties entitled thereto their proportionate shares of the said aggregate balance. I am inclined to think that Burwell and his privies in contract were concluded by this decree, but even if the sureties on his official bond were not so concluded, nothing appears that this balance is not due from the administrator. Puryear, the deputy of Burwell, may have received it originally as an indemnity, but it appears from his answer, filed as early as September, 1852, that he treated, and so regarded it, as assets of Mary W. Hudson, and this view is confirmed by his allowing it to be reported against him by Commissioner Atkins in a suit to which he was a party. I think this sum must be

considered as having come into the hands of the deputy, and with which the sheriff, as principal, must be chargeable.

Is the sheriff responsible for assets which came into his hands after the expiration of his term as sheriff? The petition alleges the circuit court thought not, and upon this ground dismissed the bill. The estate was committed to him as sheriff for administration *ex virtute officii.* It was his duty to complete the administration. No provision was made by the statute for administration *de bonis* devolving on his successor. And where the assets were received by the sheriff's deputy after the expiration of the sheriff's term of office, the sheriff is responsible therefor, unless he took steps to remove the deputy, which does not appear to have been done in this case. Dabney and others v. Smith's legatees, 5 Leigh 13; Douglass' ex'or v. Stump, 5 Leigh 392; Tyler and others v. Nelson's adm'r, 14 Gratt. 214.

I am of opinion that the circuit court erred in dismissing the bill of the plaintiffs. The demurrer should have been overruled and a decree rendered against Burwell and his sureties for the several amounts decreed the plaintiffs on the 10th day of April, 1867.

WINGFIELD, P., and BARTON, J., concurred.

Decree reversed.